IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____
                                    )
NAYLOR MEDICAL SALES & RENTALS,     )
INC. and JERRY ALLEN UNDERWOOD,     )
                                    )
    Plaintiffs/Counter-Defendants,  )
                                    )
v.                                  )
                                    )   No. 09-2344-STA
INVACARE CONTINUING CARE, INC.      )
f/k/a HEALTHTECH PRODUCTS, INC.     )
and INVACARE CORPORATION;           )
                                    )
    Defendants/Counter-Plaintiffs.  )
_____

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR DISCOVERY UNDER RULE 56(f)**
_____

    On September 22, 2009, Plaintiffs/Counter-Defendants Naylor Medical Sales & Rentals, Inc. and Jerry Allen Underwood filed a Motion for Summary Judgment (D.E. # 7) as to counts II, III, and IV of Defendants/Counter-Plaintiffs Invacare Continuing Care, Inc. and Invacare Corporation's counterclaims. In response, the Defendants filed a Motion for Discovery under Rule 56(f) (D.E. # 11) on October 26, 2009. Plaintiffs filed a response in opposition to Defendants' Motion (D.E. # 12) on October 28, 2009. For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

### BACKGROUND

    The following are undisputed for purposes of this Motion unless otherwise noted. Naylor Medical Sales & Rentals, Inc. ("Naylor") was engaged in the business of acting as an

independent representative for the sale or rental of healthcare products. Counter-Defs.' Statement of Undisputed Facts ¶ 1. On March 31, 2009, Plaintiffs sold substantially all of Naylor's assets to Defendants. *Id*. Jerry Underwood was Naylor's sole stock holder. *Id*.

On April 22, 2009, the Plaintiffs filed a Complaint in Shelby County Chancery Court asserting claims of breach of contract, conversion, defamation, and violations of the Tennessee Consumer Protection Act. The Defendants filed a Notice of Removal (D.E. # 1) with this Court on June 2, 2009. Defendants then filed an Answer to Plaintiff's Complaint and asserted Counterclaims (D.E. # 3) on June 5, 2009.

Defendants allege that Plaintiffs intentionally withheld their knowledge of the impending exit of several of Naylor's customers from Defendants. *Id*. at ¶ 3. Specifically, the Defendants assert that the Plaintiffs knew that "three of its key customers, Kindred Hospital, Methodist Hospital, and Briley Nursing and Rehab, would not continue to do business with Naylor after the closing of the purchase by" Defendants. *Id*. Defendants allege that "each of these customers informed Plaintiffs that they were planning to cease doing business with Naylor" and that "without the knowledge of [Defendants] and in order to induce [Defendants] to proceed with the asset purchase, [Plaintiffs] convinced these key customers to remain with Naylor and continue to do business with Naylor until the sale of its assets was complete." *Id*. These factual allegations are the basis of count II, breach of representations and warranties, count III, fraudulent inducement, and count IV, violation of the Tennessee Consumer Protection Act in the counterclaim. *Id*.

In Plaintiffs' Motion for Summary Judgment, the Plaintiffs assert that no genuine issue of material facts exist as to Defendants counterclaims II, III, and IV. More specifically, the

Plaintiffs contend that the Defendants failed to identify any witnesses to support their counterclaims in their initial disclosures, and Plaintiff Jerry Underwood has filed an affidavit specifically denying those claims.

Defendants have responded in opposition to Plaintiffs' Motion pursuant to Rule 56(f). Counsel for Defendants have submitted an affidavit in support stating that at the time of Plaintiff's Motion no written discovery requests had been propounded and no depositions had been taken. As such, the Defendants contend that the information concerning the identity of customers who intended to discontinue using Naylor's services subsequent to the sale is solely in the possession of Plaintiffs or third parties. Defendants assert that through written discovery and depositions they will be able to garner information concerning (1) the identity of these individuals, (2) what each customer told Plaintiffs about their intentions to cease doing business with Naylor, (3) the extent to which Plaintiff Underwood knew of his customers intentions, and (4) any attempt Plaintiffs made to persuade customers to continue doing business with Naylor until the sale was complete.

Plaintiffs have filed a response in opposition to Defendants' Rule 56(f) motion. Plaintiffs contend that because the Defendants failed to identify the names of the witnesses in their initial disclosures and proffer proof to rebut Plaintiff Underwood's specific denials, no genuine issue of material fact exists as to Defendants' counterclaims II, III, and IV.

The Defendants ask the Court to deny Plaintiffs' Motion for Summary Judgment and grant their motion pursuant to Rule 56(f).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a

judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[1]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[2] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[3] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[4] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[5] When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[6]

Summary judgment must be entered "against a party who fails to make a showing

---

[1] Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[3] *Celotex*, 477 U.S. at 324.

[4] *Matsushita*, 475 U.S. at 586.

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[6] *Id*. at 251-52 (1989).

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[7]  In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[8]  Finally, the "judge may not make credibility determinations or weigh the evidence."[9]  Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[10]

## ANALYSIS

Rule 56(f) specifically governs the need for additional discovery to prepare a response to a motion for summary judgment.  Under Rule 56, a non-moving party must receive "a full opportunity to conduct discovery" in order to respond to a motion for summary judgment.[11]  To that end Rule 56(f) provides that the court may "order a continuance to enable affidavits to be

---

[7] *Celotex*, 477 U.S. at 322.

[8] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[9] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[10] Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 322 (1986).

[11] *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-20 (6th Cir. 2004).  *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231-32 (6th Cir.1994) ("[in light of *Anderson* and *Celotex,*] a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").

obtained, depositions to be taken, or other discovery to be undertaken."[12]  In order to invoke Rule 56(f), however, the party opposing the motion for summary judgment must show "by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."[13]  The Sixth Circuit has ruled that the filing of an affidavit and/or motion pursuant to Rule 56(f) is a necessary prerequisite to granting extensions of time for the purpose of obtaining additional discovery to respond to a motion for summary judgment.[14]  Rule 56(f) also requires that "a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information."[15]  The Sixth Circuit has held that it is not an abuse of discretion for the district court to deny the Rule 56(f) request when the party "makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [claim] to be discovered."[16]

The Court holds that Defendants have complied with the technical requirements of Rule 56(f).  Defendants have filed a response briefing Rule 56(f).  Counsel for Defendants has submitted a detailed affidavit about methods it intends to employ to determine the identity of the

---

[12] Fed. R. Civ. P. 56(f)(2).

[13] Fed. R. Civ. P. 56(f).

[14] *Plott v. Gen. Motors Corp.,* 71 F.3d 1190, 1196 (6th Cir.1995).

[15] *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir.2000).  *See also CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).

[16] *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir.1999).  *See also Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir.1989) (not an abuse of discretion to reject a Rule 56(f) affidavit as insufficient to support further discovery when the affidavit lacks "any details" or "specificity").

individuals who potentially expressed an intention to discontinue using Naylor's services after the purchase was complete.  More specifically, Counsel's affidavit requests additional time for the purpose of propounding written discovery and taking depositions of Naylor's former customers and Plaintiff Underwood.  Counsel avers that Defendants have not previously discovered this information because no discovery requests have been propounded and no depositions have been taken at this stage.  The Court finds that Counsel's affidavit contains the requisite specificity to satisfy Rule 56(f).  Therefore, the Court will consider the merits of Defendants' Rule 56(f) request.

In determining whether a Rule 56(f) request should be granted, the Court must consider the following factors: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests.[17]

Applying these factors to the case at bar, the Court finds that the balance of them weighs in favor of granting Defendants' motion for additional discovery.  The first factor favors an extension because at the time of the filing of the instant Motion no written discovery had been propounded nor any depositions taken.  At the date of filing, only initial disclosures had been exchanged between the parties.

The Plaintiffs assert, in essence, that Defendants' initial disclosures are inadequate because they do not specifically name employees of Kindred Hospital, Methodist Hospital, or

---

[17] *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995).

Briley Nursing Rehab who can support Defendants' counterclaims. Instead, Defendants' amended disclosures generally name "representatives from Kindred Hospital, Methodist Hospital, and Briley Nursing Rehab." Plaintiffs contend based on these initial disclosures Defendants will not be able to proffer evidence to support their counterclaims. The Defendants, however, assert that the purpose of initial disclosures is to lead to discoverable information, not admissible evidence. As such, the Defendants contend with further discovery they would be able to identify the relevant individuals.

The Court notes that Rule 26(a)(1)(E) only requires a party to "make its initial disclosures based on the information then reasonably available to it."[18] As of the date that the instant Motion was filed, no written discovery had been propounded and no depositions had been taken. Defendants contend that the identity of these individuals is in the possession of Plaintiffs or third parties, such as the customers themselves. Defendants also assert that many of the customers have experienced turnover and as such some individuals with this information are no longer in their employ. Taking the evidence in the light most favorable to the non-moving party, here the Defendants, it is reasonable that without any discovery Defendants would not necessarily know the specific names of the individuals who possess this information but rather only generally that individuals employed by these customers have such information. Therefore, Defendants should have further opportunity to develop this information.

The second factor favors an extension for additional discovery because construing the facts in a light most favorable to the Defendants, the desired discovery would change the Court's ruling on Defendant's Motion for Summary Judgment. Plaintiffs have argued that Defendants

---

[18] Fed. R. Civ. P. 26(a)(1)(E).

8

have no evidence to support their counterclaims because they have no witnesses to support their contentions.  With further discovery, Defendants are confident they can identity the relevant individuals and survive summary judgment.

The third factor, how long the discovery period lasted, weighs in favor of granting Defendant additional discovery.  The record show that the original scheduling order was entered in this case on July 30, 2009.  Discovery was not to be completed until April 14, 2010, almost seven months after Plaintiffs' filed the instant Motion.  Additionally, the parties amended the scheduling order and now discovery is not set to close until August 13, 2010.  Thus, this factor favors an extension since discovery is not even yet closed.

The fourth factor, whether Defendants were dilatory in their discovery efforts, also weighs in favor of granting an extension.  As noted above, at the time of the filing on the instant Motion, the parties had only exchanged initial disclosures.  Discovery has not yet closed.  Thus, Defendants could not possibly have been dilatory in their efforts because no discovery had taken place and was not set to close for months.

Finally, the fifth factor, whether the non-moving party was responsive to discovery requests, is not in issue in this case.  At the time the Plaintiffs' filed the instant motion, no written discovery had been propounded.

Based on the foregoing, the Court finds that the balance of the factors favors granting Defendants' additional opportunity for the discovery they seek in this case.  Under the circumstances, Defendants are entitled to have more discovery in order to respond to Plaintiffs' Motion.  Pursuant to Rule 56(f), the Court may (1) deny the motion for summary judgment; (2) order a continuance to enable affidavits to be obtained; depositions to be taken, or other

discovery to be undertaken; or (3) issue any other just order.[19] The Court holds that Plaintiffs' Motion for Summary Judgment should be denied without prejudice to re-file after appropriate discovery is complete.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Summary Judgment is **DENIED** without prejudice. Defendants' Rule 56(f) Motion is **GRANTED**.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 14th, 2010.

---

[19] Fed. R. Civ. P. 56(f).