IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NAYLOR MEDICAL SALES & RENTALS, INC. and JERRY ALLEN UNDERWOOD, </br></br>    Plaintiffs/Counter-Defendants, </br></br> vs. </br></br> INVACARE CONTINUING CARE, INC. f/k/a HEALTHTECH PRODUCTS, INC. and INVACARE CORPORATION, </br></br>    Defendants/Counter-Plaintiffs. | NO. 2:09-CV-2344-STA |

---

**ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR ATTORNEY'S FEES**

---

Before the Court is Plaintiffs' Naylor Medical Sales & Rentals, Inc. and Jerry Allen Underwood ("Plaintiffs") Motion for Attorney's Fees (D.E. # 111), filed on June 6, 2011. For the following reasons, Plaintiffs' Motion is **GRANTED IN PART.**

**BACKGROUND**

On April 22, 2009, Plaintiffs filed a complaint for money damages for breach of contract, conversion, defamation, and a violation of the Tennessee Consumer Protection Act in Shelby County Chancery Court. (D.E. #1-1.) Defendants removed the case to this Court on June 2, 2009. (D.E. # 1.) In September of 2010, the parties filed cross Motions for Summary Judgment. (D.E. # 59 & 60.) After a bench trial, this Court issued a Bench Memorandum finding in favor of Plaintiffs and against Defendants on a number of Plaintiffs' claims on June 3, 2011. (D.E. # 110.) On June 20, 2011, Plaintiffs filed their Motion for Attorney's Fees. (D.E. # 111 & 112.)

Plaintiffs then filed a Supplemental Memorandum the following day and submitted two Substituted Supplemental Memoranda on June 22, 2011. (D.E.# 113-115.) Defendants filed a Response in Opposition to Plaintiffs Motion for Attorneys Fees on July 5, 2011. (D.E. # 118.)

In their Motion for Attorney's Fees, Plaintiffs point to the contract between the parties which provides that the prevailing party is entitled to a reasonable attorney's fee in litigation pertaining to this contract. (D.E. # 112 at 2.) Therefore, Plaintiffs contend that it is the court's duty to determine the reasonableness of the attorney's fees based on Tennessee Rule of Professional Conduct 1.5. (D.E. # 112 at 3.) Plaintiffs review the procedural history of this case and describe the events corresponding to the factors necessary to determine the reasonableness of their fees. Plaintiffs contend that the numerous factual and legal disputes in this case required much time and labor, including voluminous discovery and two attempts at mediation. (D.E. # 112 at 4.)

In their response to Plaintiffs' Motion, Defendants assert that Plaintiffs have failed to demonstrate entitlement to the fees and expenses they request. (D.E. # 118 at 2.) Defendants dispute Mr. Pritchard and Ms. Harshbarger's fees, characterizing them as unreasonable. (D.E. #118 at 4.) Additionally, Defendants point to Mr. Pritchard's failure to attach a detailed record to his affidavit for attorney's fees. (*Id.*) Additionally, Defendants argue that Plaintiffs failed to reduce attorney's fees by the time spent on their unsuccessful claim for conversion and the Second Amended Complaint. (D.E. # 118 at 5.) Finally, Defendants state that Plaintiffs did not attach any receipts or vendor invoices to substantiate their claim for other litigation expenses. (D.E. # 118 at 6.)

**ANALYSIS**

The Court finds that Plaintiffs are entitled to attorney's fees under the terms of the parties' contract. "Parties who have prevailed in litigation to enforce contract rights are entitled to recover their reasonable attorney's fees once they demonstrate the contract upon which their claims are based contain[s] a provision entitling the prevailing party to its attorney's fees."[1] The Asset Purchase Agreement in this case contains a provision for attorney's fees.[2]  Section 8.2 provides that:

> Buyer shall idemnify Seller . . . from (a) any and all loss, damage, liability or deficiency resulting from or arising out of any inaccuracy or breach of any representation, warranty, covenant or obligation made or incurred by Buyer herein or in any other agreement . . . and       (c) any and all costs and expenses (including reasonable legal and accounting fees) related to       any of the foregoing.[3]

Thus, Plaintiffs are entitled to their reasonable attorney's fees under the contract.

Once Plaintiffs have demonstrated their right to attorney's fees under the contract's provisions, "the party who prevails is contractually entitled to recover reasonable attorney's fees, and the trial court has no discretion regarding whether to award attorney's fees. However, determining the reasonableness of an attorney's fee is within the trial court's discretion.[4] The trial court's determination of a reasonable attorney's fee is "a subjective judgment based on [the] evidence and [the] experience of the trier of facts."[5]  The reasonableness of the fees should be

---

[1]     *Hosier v. Crye-Leike Commercial, Inc.*, No, M2000-01182-COA-R3-CV, 2001 Tenn. App. LEXIS 498, at *8.

[2]     (D.E. # 60-10 at 25.)

[3]     (*Id.*)

[4]     *Albright v. Mercer*, 945 S.W.2d 749, 751 (Tenn. Ct. App. 1996); *Airline Constr. Inc. v. Barr*, 807 S.W.2d 247, 270 (Tenn. Ct. App. 1990)).

[5]     *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (citing *United Med. Corp of Tenn., Inc. v. Hohenwald Bank & Trust Co.*, 703 S.W.2d 133, 137 (Tenn. 1986)).

guided by factors in the Tennessee Rules of Professional Conduct 1.5.[6] Though the acknowledgment of the factors in Rule 1.5 is important, the reasonableness of the fee must depend upon the particular circumstances of the individual case.[7] Rule 1.5 provides:

> A lawyer's fee and charges for expenses shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
>
> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) The likelihood, if apparent to the client, that the acceptance of a particular employment will preclude other employment by the lawyer;
>
> (3) The fee customarily charged in the locality for similar legal services;
>
> (4) The amount involved and the results obtained
>
> (5) The time limitations imposed by the client or by the circumstances;
>
> (6) The nature and the length of the professional relationship with the client;
>
> (7) The experience, reputation, and ability of the lawyer or lawyer performing the services;
>
> (8) Whether the fee is fixed or contingent
>
> (9) Prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
>
> (10) Whether the fee arrangement is in writing.[8]

After reviewing the fee affidavits, the Court finds that the majority of the documented time in this case was reasonable. The Court finds that the asserted fees of Mr. Strickland and Mr.

---

[6] *Id.* at 176.

[7] *Id.* at 177 (citing *White v. McBride*, 937 S.W.2d 796, 800 (Tenn. 1996)).

[8] Tenn. Rule of Prof'l Conduct 1.5.

Pritchard's are reasonable under the circumstances. However, Ms. Harshbarger's affidavit requests a fee of $119,169.20 for a total of 809.55 hours. In most instances, Ms. Harshbarger has provided time entries and has thus met her burden to show that the fees requested and hours expended are reasonable.

Nevertheless, the Court finds that twenty-five percent (25%) of Ms. Harshbarger's time—that is 202.4 hours—was duplicative or the amount of time billed for a particular task seemed excessive. The Court recognizes the substantial amount of preparation required for trial, and to a large degree the activities billed and time allocated to those activities appear reasonable. However, as Defendants point out, Ms. Harshbarger is generally a transactional attorney and the Court has identified areas which appear to show that some of her work was duplicative or that the time billed was excessive.[9] The Court finds that the remaining factors in Rule 1.5 are not relevant in this case.

Based on these findings, the Court concludes that Mr. Strickland and Mr. Pritchard have demonstrated the reasonableness of the time listed in their affidavits. Additionally, the Court finds that Ms. Harshbarger has shown the reasonableness of the majority of the time listed in her affidavit. To the extent that approximately twenty-five percent of Ms. Harshburger's time was duplicative or seemed excessive for the particular task indicated, the Court reduces her award of attorney's fees accordingly.

Thus, the Court awards fees in the amount of $59,360.00 to Mr. Strickland, fees in the amount of $49,700.00 to Mr. Pritchard, and fees in the amount of $89,376.90 to Ms. Harshbarger.

---

[9] The Court finds that Ms. Harshbarger's time is duplicative of the time of Mr. Strickland and Mr. Pritchard as contained in the Memorandum in Support of Plaintiffs' Motion for Attorneys' Fees and Other Litigation Expenses (D.E. # 122) and its accompanying affidavits.

## CONCLUSION

Having determined that an award of attorney's fees is appropriate in this case, Plaintiffs' Motion for Attorney's Fees and Other Litigation Expenses for Mr. Strickland and Mr. Pritchard is **GRANTED**. Plaintiffs' request for Ms. Harshbarger's attorney's fees is **GRANTED IN PART**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 29, 2011.