IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NAYLOR MEDICAL SALES & RENTALS, INC. and JERRY ALLEN UNDERWOOD, | ) ) ) |
| Plaintiffs/Counter-Defendants, | ) ) |
| vs. | ) )  NO. 2:09-CV-2344-STA ) |
| INVACARE CONTINUING CARE, INC. f/k/a HEALTHTECH PRODUCTS, INC. and INVACARE CORPORATION, | ) ) ) ) |
| Defendants/Counter-Plaintiffs. | ) |

**ORDER GRANTING DEFENDANTS' EMERGENCY MOTION TO SET APPEAL BOND**

Before the Court is Defendants' Emergency Motion to Stay Execution of Judgment and to Set an Appeal Bond (D.E. # 132), filed on September 23, 2011. The Court held a telephonic hearing regarding this Motion on September 27, 2011**,** and issued a ruling regarding the Defendants' Motion to Set an Appeal Bond. Consistent with that ruling, and for the following reasons, Defendants' Motion to Set an Appeal Bond is **GRANTED**.

**BACKGROUND**

On June 3, 2011, the Court issued a Bench Memorandum granting Plaintiffs $915,000 in damages, prejudgment interest, post-judgment interest, and attorney's fees. (Bench Mem. at 29.) The Court stated that it would issue a separate order regarding the amount of attorney's fees. (*Id.*) Accordingly, Plaintiffs filed a Motion for Attorney's Fees and Other Litigation Expenses on

June 20, 2011.  Defendants filed a Response opposing Plaintiffs' Motion on July 5, 2011.  The Court entered judgment on July 29, 2011, and issued an order granting Plaintiffs' attorney's fees on September 29, 2011 (D.E. # 136).

Several Notices of Appeal have been filed in this case.  Defendants filed a Notice of Appeal as to the Bench Memorandum on July 1, 2011 (D.E. # 117), and they filed an additional Notice of Appeal on August 29, 2011 (D.E. # 123) as to both the Judgment entered on July 29, 2011, and the Bench Memorandum.  Plaintiffs filed a Notice of Cross Appeal on September 1, 2011 (D.E. # 124).  Additionally, Plaintiffs filed a Motion to Alter Judgment on August 26, 2011 (D.E. # 122).  That Motion requested the Court to alter judgment to award attorney's fees.  The Court granted Plaintiffs' Motion to Alter Judgment.  (D.E. # 122.)

On September 19, 2011, Plaintiffs filed an Answer to a Writ of Garnishment (D.E. # 131) on Defendants' bank account at Wells Fargo Bank, N.A.  Four days later, on September 23, 2011, Defendants filed the Motion now before the Court.

## LAW

Federal Rule of Civil Procedure 62(d) provides that an "appellant may obtain a stay [of proceedings to enforce a judgment] by supersedeas bond."[1]  This bond may be obtained "after filing the notice of appeal or after obtaining the order allowing the appeal."[2]  The stay of execution will take effect upon the court's approval of the bond.[3]  As the Sixth Circuit has noted,

---

[1]   Fed. R. Civ. P. 62(d).

[2]   *Id.*

[3]   *Id.*

Rule 62(d) "entitles a party who files a satisfactory supersedeas bond to a stay of [a] money judgment as a matter of right."[4]

Rule 62(b) discusses stays of execution on judgments pending the disposition of certain motions.[5] Under Rule 62(b), "the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of . . . [a motion] under Rule 59, for a new trial or to alter or amend a judgment."[6] However, the Court has granted Plaintiffs' Motion to Alter or Amend the Judgment, and it is no longer pending. Accordingly, as no other motions under Rule 62(b) are pending on the docket, a stay of execution of the judgment under Rule 62(b) is now unavailable to Defendants.

## ANALYSIS

As to the stay of execution of the judgment on appeal under Rule 62(d), each party has filed a Notice of Appeal, and the Court has heard argument from the parties as to the amount of the bond required by this case. At the hearing, Plaintiffs stated that the bond should be in the full amount of the judgment, as that was the usual practice in civil litigation. On the other hand, Defendants argued that as a publically held corporation traded on the New York Stock Exchange with nearly $2 billion in assets, Invacare Corp. would not be in danger of defaulting on the judgment. Additionally, Defendants stated that there was approximately $400,000 still being held in the escrow account established by the parties. Plaintiffs also stated that they would not take steps to execute on the judgment in the intervening time.

---

[4]   *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).

[5]   Fed. R. Civ. P. 62(b).

[6]   Fed. R. Civ. P. 62(b)(3).

Based on the parties' assertions, the Court finds an appeal bond of $250,000 to be satisfactory in this case. Defendants have ten days from the oral order on this matter—that is, until Friday, October 7, 2011—to post the bond with the Court. The stay of execution on the judgment pending appeal will take effect upon the Court's approval of this bond. Therefore, execution of the judgment will be stayed on appeal once the Court approves Defendants' posted appeal bond in the amount of $250,000 with the Court.

## CONCLUSION

Thus, Defendants' request for the Court to set an appeal bond is **GRANTED**, and Defendants have until October 7, 2011, to post a $250,000 appeal bond with the Court. Pursuant to Federal Rule of Civil Procedure 62(d), a stay of execution of the judgment will "take effect when the Court approves the bond."

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE


Date: September 30, 2011.